**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD J. GLAIR, | No. 09-56351 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02730-R-RNB |
| v. | |
| CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Richard J. Glair appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging that defendants violated the First and

Fourth Amendments when they arrested him. We have jurisdiction under 28

U.S.C. § 1291. We review de novo and may affirm on any ground supported by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the record.  *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008).

We affirm.

The district court properly granted summary judgment on Glair's First Amendment claim because no reasonable juror could find from the undisputed facts that Officers Roditis and Gomez acted in retaliation for Glair's First Amendment activities when they arrested him for stalking.  *See Dietrich*, 548 F.3d at 900-01 (elements of a claim of retaliation in violation of the First Amendment).

Officers Roditis and Gomez were entitled to summary judgment on Glair's Fourth Amendment claim based on qualified immunity because even if they mistakenly concluded that probable cause was present, their mistake was reasonable under the totality of the circumstances.  *See Rodis v. City & County of San Francisco*, 558 F.3d 964, 970-71 (9th Cir. 2009) (officers are entitled to qualified immunity when they reasonably but mistakenly conclude that probable cause is present).

We do not consider whether the district court erred in granting summary judgment on Glair's state law claims.  *See Greenwood v. F.A.A.*, 28 F.3d 971, 977-78 (9th Cir. 1994) (matter not specifically and distinctly argued in opening brief is waived on appeal).

09-56351

Glair's remaining contentions are unpersuasive.

**AFFIRMED.**